IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HERMAN H. LEFORS, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 13-435-RAW-KEW |
| | ) | |
| **DARYL RICHARDSON, Sheriff,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before the court on petitioner's petition for a writ of habeas corpus. Petitioner, a member of the Chicasaw Nation, who is incarcerated in the Murray County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking injunctive relief. He alleges he has been denied his right to treatment of his multiple medical and mental problems by a tribal hospital. He also alleges his right to privacy under The Health Insurance Portability and Accountability Act (HIPPA) has been violated.

Although petitioner is challenging the conditions of his confinement, he has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

> In this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). In contrast, a prisoner who challenges the conditions of his confinement must do so through a civil rights action. *Id.; see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.").

*Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

Because petitioner is not challenging his state criminal conviction or the execution of his sentence, *see* 28 U.S.C. § 2254, 28 U.S.C. § 2241, the court cannot address the claims in his petition. Therefore, this action must be dismissed for failure to state a federal habeas corpus claim. *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000), *cert. denied*, 531 U.S. 1083 (2001). To raise the claims regarding his medical care and HIPPA issues, petitioner must file a proper civil rights complaint, pursuant to 28 U.S.C. § 1983.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for failure to state a habeas corpus claim. *See Rael*, 223 F.3d at 1154-55. The Court Clerk is directed to send petitioner the proper form and instructions for filing a civil rights complaint, pursuant to 42 U.S.C. § 1983, and the forms to apply to proceed *in forma pauperis* in a civil rights action.

**IT IS SO ORDERED** this 16th day of October 2013.

/s/ Ronald A. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**